# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILDEARTH GUARDIANS, *et al*. | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:20-cv-056-RC |
| | ) The Honorable Rudolph Contreras |
| v. | ) |
| | ) |
| DAVID L. BERNHARDT, in his official | ) |
| capacity as Secretary of the Interior, *et al*. | ) |
| | ) |
| Federal Defendants. | ) |

## FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Federal Defendants United States Bureau of Land Management ("BLM"), David L. Bernhardt, in his official capacity as Secretary of the Interior, and William Perry Pendley, in his official capacity as Deputy Director of the BLM for Policy and Programs, exercising the authority of the Director, answer as follows in response to Plaintiffs' Complaint. *See* ECF No. 1. The numbered paragraphs herein correspond to the numbered paragraphs in Plaintiffs' Complaint.

1. The allegations in the first sentence of Paragraph 1 constitute Plaintiffs' characterization of their case to which no response is required. The allegations in the second sentence constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations in Paragraph 2 are vague and are therefore denied.

3. Federal Defendants deny the allegations in the first sentence of Paragraph 3, and aver that that emissions from fossil fuels produced on federal lands and offshore areas represent an

average of 24 percent of all national emissions of carbon. The remaining allegations in

Paragraph 3 are vague and constitute legal conclusions to which no response is required.

To the extent a response is required, the allegations are denied.

4. Federal Defendants admit the allegations in the first sentence of Paragraph 4. Federal

Defendants admit that over 25 million acres of federal mineral estate are currently leased

to private entities for potential development of oil and gas, but lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in the

second sentence, and the allegations are therefore denied. The allegations in the third

sentence are vague and are therefore denied.

5. The allegations in the first and second sentences of Paragraph 5 are vague and are

therefore denied. The allegations in the third sentence constitute legal conclusions to

which no response is required.

6. The allegations in the first sentence of Paragraph 6 are vague and are therefore denied, and

constitute legal conclusions to which no response is required. The allegations in the

second sentence constitute Plaintiffs' characterization of their case and legal conclusions

to which no response is required. Given the map's scale and illegibility, Federal

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in the third sentence and the allegations are therefore denied. The allegations

in the fourth sentence constitute Plaintiffs' characterization of their case to which no

response is required.

7. The allegations in Paragraph 7 constitute legal conclusions to which no response is

required. To the extent a response is required the allegations are denied.

8. Federal Defendants deny the allegations in Paragraph 8.

9. The allegations in Paragraph 9 purport to characterize *WildEarth Guardians v. Zinke*, 368
   F. Supp. 3d 41 (D.D.C. 2019), which speaks for itself and provides the best evidence of
   its contents. Any allegations contrary to its plain meaning, language and context are
   denied.

10. The allegations in the first sentence of Paragraph 10 are vague and are therefore denied.
    In response to the allegations in the second sentence, Federal Defendants deny Plaintiffs'
    characterization of the referenced NEPA analysis and aver that BLM moved for
    voluntary remand of its National Environmental Policy Act ("NEPA") analysis for the
    Colorado and Utah oil and gas leasing decisions challenged in *WildEarth Guardians v.
    Zinke*, No. 1:16-cv-1724, ECF No. 107 (D.D.C. May 24, 2019).  To the extent Plaintiffs
    purport to characterize BLM's motion for remand, the motion speaks for itself and
    provides the best evidence of its contents. Any allegations contrary to its plain meaning,
    language, and context are denied. The allegations in the third sentence constitute legal
    conclusions to which no response is required. To the extent a response is required the
    allegations are denied.

11. The allegations in Paragraph 11 constitute Plaintiffs' characterization of their case to
    which no response is required.

12. The allegations in Paragraph 12 constitute Plaintiffs' characterization of their case and
    legal conclusions to which no response is required.

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is
    required.

14. The allegations in Paragraph 14 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

15. The allegations in Paragraph 15 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required.

17. The allegations in Paragraph 17 constitute legal conclusions to which no response is required.

18. The allegations in Paragraph 18 constitute legal conclusions to which no response is required.

19. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and the allegations are therefore denied.

20. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and the allegations are therefore denied.

21. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and the allegations are therefore denied.

22. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and the allegations are therefore denied.

23. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 23 and the allegations are therefore denied. Federal Defendants deny the allegations in the third sentence, and aver that the reasonably foreseeable effects of development of the

challenged leases are as articulated in the BLM's NEPA analyses which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

24. The allegations in Paragraph 24 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.

25. The allegations in Paragraph 25 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.

26. Federal Defendants admit that David Bernhardt is the Secretary of the Department of the Interior ("Interior"). The remaining allegations in Paragraph 26 constitute legal conclusions to which no response is required.

27. Federal Defendants admit that William Perry Pendley is the Deputy Director of the BLM for Policy and Programs, exercising the authority of the Director. The remaining allegations in Paragraph 27 constitute legal conclusions to which no response is required.

28. Federal Defendants admit that BLM is a federal government agency within Interior. The remaining allegations in Paragraph 28 constitute legal conclusions to which no response is required.

29. The allegations in Paragraph 29 purport to characterize NEPA and its implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

30. The allegations in Paragraph 30 purport to characterize one of NEPA's implementing regulations which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

31. The allegations in Paragraph 31 constitute legal conclusions to which no response is required, and purport to characterize NEPA and a judicial decision which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

32. The allegations in Paragraph 32 purport to characterize one of NEPA's implementing regulations which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

33. The allegations in Paragraph 33 constitute legal conclusions to which no response is required and purport to characterize NEPA and a judicial decision which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

34. The allegations in Paragraph 34 constitute legal conclusions to which no response is required and purport to characterize NEPA and its implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

35. The allegations in Paragraph 35 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

36. The allegations in Paragraph 36 constitute legal conclusions to which no response is required and purport to characterize one of NEPA's implementing regulations which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

37. The allegations in Paragraph 37 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations and a judicial decision which speak for themselves and provide the best evidence of their contents. Any allegations contrary to its plain meaning, language and context are denied.

38. The allegations in Paragraph 38 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

39. The allegations in Paragraph 39 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

40. The allegations in Paragraph 40 constitute legal conclusions to which no response is required and purport to characterize NEPA and its implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

41. The allegations in Paragraph 41 constitute legal conclusions to which no response is required and purport to characterize NEPA and its implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

42. The allegations in Paragraph 42 constitute legal conclusions to which no response is required.

43. The allegations in Paragraph 43 constitute legal conclusions to which no response is required and purport to characterize the Administrative Procedure Act ("APA") which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

44. The allegations in Paragraph 44 constitute legal conclusions to which no response is required and purport to characterize the APA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

45. The allegations in Paragraph 45 constitute legal conclusions to which no response is required and purport to characterize the Mineral Leasing Act ("MLA") which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

46. The allegations in Paragraph 46 constitute legal conclusions to which no response is required and purport to characterize the MLA and a federal oil and gas regulation which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

47. Federal Defendants admit the allegations in the first and second sentences of Paragraph 47. The allegations in the third sentence purport to characterize the MLA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

48. The allegations in Paragraph 48 purport to characterize a federal oil and gas regulation which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

49. Federal Defendants deny the allegations in Paragraph 49 and aver that BLM manages oil and gas development in a multi-phase process, each subject to specific rules, policies, and procedures.

50. Federal Defendants admit the allegations in the first sentence of Paragraph 50 that BLM prepares resource management plans ("RMPs") in accord with the cited regulations, its Land Use Planning Handbook, and other laws and policies, but deny the remaining allegations. The allegations in the second and third sentences purport to characterize the contents of unidentified RMPs which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. The allegations in the fourth sentence constitute legal conclusions to which no response is required.

51. Federal Defendants admit the allegations in Paragraph 51 that BLM may prepare Reasonably Foreseeable Development scenarios ("RFDs") in accord with its Land Use Planning Handbook, and other policies and laws, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

52. The allegations in the first, second and third sentences of Paragraph 52 purport to characterize the MLA, a federal oil and gas regulation, BLM's Instruction Memoranda ("IM") 2010-177 and 2018-034, and a judicial decision which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. Federal Defendants admit that BLM field offices generally conduct NEPA reviews and identify the pertinent stipulations applicable

to the parcels proposed for leasing, but deny the remaining allegations in the fourth sentence as vague.

53. The allegations in Paragraph 53 purport to characterize a federal oil and gas regulation, BLM's Competitive Leases Handbook, and IM-2018-034, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

54. The allegations in Paragraph 54 purport to characterize NEPA's and federal oil and gas regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

55. The allegations in Paragraph 55 constitute legal conclusions to which no response is required and purport to characterize judicial decisions which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

56. The allegations in Paragraph 56 constitute legal conclusions to which no response is required and purport to characterize a judicial decision which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

57. The allegations in Paragraph 57 constitute legal conclusions to which no response is required and purport to characterize federal oil and gas regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

58. The allegations in Paragraph 58 constitute legal conclusions to which no response is required and purport to characterize a federal oil and gas regulation which speaks for

itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

59. The allegations in Paragraph 59 constitute legal conclusions to which no response is required and purport to characterize a federal oil and gas regulation and a decision of the Interior Board of Land Appeals which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

60. The allegations in Paragraph 60 constitute legal conclusions to which no response is required and purport to characterize federal oil and gas regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

61. The allegations in Paragraph 61 constitute legal conclusions to which no response is required and purport to characterize federal oil and gas regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

62. Federal Defendants admit that production and combustion of fossil fuels generate gases such as carbon dioxide and methane, but deny the remaining allegations in Paragraph 62 as vague.

63. The allegations in the first sentence of Paragraph 63 are vague and are therefore denied. The allegations in the second and third sentences purport to characterize a 2019 Environmental Protection Agency ("EPA") report, *Inventory of U.S. Greenhouse Gases and Sinks 1990-2017*, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

64. The allegations in Paragraph 64 are vague and are therefore denied.

65. The allegations in the first sentence of Paragraph 65 are vague and are therefore denied. The remaining allegations purport to characterize the 2014 Intergovernmental Panel on Climate Change ("IPCC") assessment report on climate change which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

66. The allegations in Paragraph 66 purport to characterize an October 2018 special report by the IPCC which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

67. The allegations in Paragraph 67 are vague and are therefore denied.

68. The allegations in Paragraph 68 purport to characterize the 2018 Fourth National Climate Assessment which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

69. The allegations in Paragraph 69 are vague and are therefore denied, and purport to characterize an unidentified document which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

70. The allegations in Paragraph 70 purport to characterize the 2018 Fourth National Climate Assessment which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

71. The allegations in Paragraph 71 purport to characterize Secretarial Order 3226 which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

72. The allegations in Paragraph 72 purport to characterize a 2007 report, *Climate Change: Agencies Should Develop Guidance for Addressing the Effects on Federal Land and Water Resources*, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

73. The allegations in Paragraph 73 purport to characterize Secretarial Order 3289 which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

74. The allegations in Paragraph 74 purport to characterize Executive Order Nos. 13514 and 13693, 74 Fed. Reg. 52,117 (Oct. 8, 2009) and 80 Fed. Reg. 15, 871 (March 25, 2015), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

75. The allegations in Paragraph 75 purport to characterize 74 Fed. Reg. 66, 496-97 (Dec. 15, 2009), 80 Fed. Reg. 64, 661 (Oct. 23, 2015), and a judicial decision, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

76. The allegations in Paragraph 76 purport to characterize an August 1, 2016 guidance document issued by the Council on Environmental Quality ("CEQ") which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

77. The allegations in Paragraph 77 purport to characterize an August 1, 2016 guidance document issued by the CEQ which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

78. The allegations in the first sentence of Paragraph 78 are vague and are therefore denied and constitute legal conclusions to which no response is required. Federal Defendants deny the allegations in the second sentence.

79. The allegations in the first sentence of Paragraph 79 are vague and are therefore denied. The remaining allegations purport to characterize *EPA Fact Sheet, The Social Cost of Carbon (2016)*, published on EPA's website, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

80. The allegations in the first sentence of Paragraph 80 are vague and are therefore denied. The allegations in the second sentence purport to characterize technical documents prepared by an Interagency Working Group, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. Federal Defendants aver that the referenced working group was disbanded by executive order on March 28, 2017.

81. The allegations in Paragraph 81 purport to characterize technical documents prepared by an Interagency Working Group, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. Federal Defendants aver that the referenced working group was disbanded by executive order on March 28, 2017.

82. The allegations in Paragraph 82 purport to characterize unidentified Resource Management Plans ("RMPs") which speak from themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

83. Federal Defendants admit that BLM included analysis of the social cost of carbon in
    NEPA analyses prepared for the May 2014 Montana/Dakotas lease sale and May 2015
    Idaho lease sale for the Little Willow Creek Protective Oil and Gas Leasing Project in the
    Four Rivers Field Office, but deny the remaining allegations in Paragraph 83 as vague..
    Federal Defendants aver that for each of the lease sales challenged in this litigation, BLM
    considered the social cost of carbon protocol, but concluded that it would not be useful in
    its decisionmaking.

84. The allegations in Paragraph 84 are vague and are therefore denied.

85. The allegations in Paragraph 85 purport to characterize the 2018 IPCC special report on
    *Global Warming of 1.5ºC* which speaks for itself and provides the best evidence of its
    contents. Any allegations contrary to its plain meaning, language and context are denied.

86. The allegations in Paragraph 86 purport to characterize the 2018 IPCC special report on
    *Global Warming of 1.5ºC* and 2019 Oil Change International Report which speak for
    themselves and provide the best evidence of their contents. Any allegations contrary to its
    plain meaning, language and context are denied.

87. The allegations in Paragraph 87 are vague and are therefore denied and purport to
    characterize EcoShift Consulting, *The Potential Greenhouse Gas Emissions from U.S.
    Fossil Fuels* 1, 3 (2016), and a journal article which speak for themselves and provide the
    best evidence of their contents. Any allegations contrary to their plain meaning, language
    and context.

88. The allegations in the first sentence of Paragraph 88 are vague and are therefore denied.
    The remaining allegations in Paragraph 88 purport to characterize a 2019 Oil Change

International Report which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context.

89. The allegations in Paragraph 89 are vague and are therefore denied and purport to characterize a Stockholm Institute report which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

90. The allegations in Paragraph 90 are vague and are therefore denied and purport to characterize a Stockholm Institute report which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

91. Federal Defendants admit the allegations in Paragraph 91.

92. The allegations in the first sentence of Paragraph 92 purport to characterize one of NEPA's implementing regulations which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.  The allegations in the second sentence of Paragraph 92 constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

93. The allegations in the first sentence of Paragraph 93 are vague and are therefore denied. The remaining allegations purport to characterize content on BLM's website which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

94. Federal Defendants deny the allegations in Paragraph 94, and aver that the lease sales challenged in this litigation were approved by the relevant BLM state offices as part of their implementation of the MLA and other statutes.

95. The allegations in the first sentence of Paragraph 95 are vague and are therefore denied. The remaining allegations purport to characterize a 2018 U.S. Geological Survey ("USGS") report which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

96. Federal Defendants deny the allegations in Paragraph 96.

97. Federal Defendants admit the allegations in the first and second sentences of Paragraph 97. The allegations in the third sentence are vague and are therefore denied.

98. The allegations in Paragraph 98 constitute Plaintiffs' characterization of their case to which no response is required.  Federal Defendants deny any deficiencies in BLM's NEPA analysis.

99. The allegations in the first and second sentences of Paragraph 99 are vague and are therefore denied. The allegations in the third sentence constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

100. The allegations in Paragraph 100 constitute legal conclusions to which no response is required and purport to characterize EAs prepared for leasing decisions challenged in this litigation which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. Federal Defendants aver that EAs were not prepared for all of the leasing decisions challenged in this litigation.

101. The allegations in Paragraph 101 constitute legal conclusions to which no response is required and purport to characterize EAs prepared for leasing decisions challenged in this litigation which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

102. The allegations in the first sentence of Paragraph 102 purport to characterize EAs prepared for leasing decisions challenged in this litigation which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. Federal Defendants deny the allegations in the second sentence. Federal Defendants admit that in some cases BLM prepares RFDs, which may be developed in conjunction with an RMP, but deny the remaining allegations in the third sentence. The allegations in the fourth and fifth sentences purport to characterize judicial decisions which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. The allegations in the sixth sentence are vague and are therefore denied. Federal Defendants deny the allegations in the seventh sentence.

103. The allegations in the first, second and third sentences of Paragraph 103 purport to characterize EAs prepared for leasing decisions challenged in this litigation which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. The allegations in the fourth, fifth and sixth sentences constitute legal conclusions to which no response is required and purport to characterize a judicial decision which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

104. The allegations in Paragraph 104 purport to characterize EAs prepared for leasing decisions challenged in this litigation which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

105. The allegations in Paragraph 105 constitute legal conclusions to which no response is required and purport to characterize a judicial decision which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

106. The allegations in Paragraph 106 constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

107. Federal Defendants deny the allegations in the first sentence of Paragraph 107. The allegations in the second sentence constitute legal conclusions to which no response is required.

108. The allegations in Paragraph 108 purport to characterize unidentified "BLM data" which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

109. The allegations in Paragraph 109 constitute legal conclusions to which no response is required and purport to characterize EAs prepared for leasing decisions challenged in this litigation which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

110. The allegations in Paragraph 110 are vague and purport to characterize EAs prepared for leasing decisions challenged in this litigation which speak for themselves and provide the

best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

111. The allegations in Paragraph 111 are vague and purport to characterize EAs prepared for leasing decisions challenged in this litigation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

112. The allegations in the first, second and third sentences of Paragraph 112 are vague and purport to characterize EAs prepared for leasing decisions challenged in this litigation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. The allegations in the fourth and fifth sentences constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

113. The allegations in Paragraph 113 constitute legal conclusions to which no response is required and purport to characterize EAs prepared for leasing decisions challenged in this litigation which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

114. The allegations in the first sentence of Paragraph 114 purport to characterize EAs prepared for leasing decisions challenged in this litigation which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. The allegations in the second sentence are vague and are therefore denied.

115. The allegations in Paragraph 115 constitute legal conclusions to which no response is required and purport to characterize a judicial decision which speaks for itself and

provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

116. Federal Defendants deny the allegations in Paragraph 116.

117. The allegations in the first sentence of Paragraph 117 purport to characterize a 2018 USGS report which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied. Federal Defendants deny the allegations in the second and third sentences.

118. The allegations in Paragraph 118 are vague and are therefore denied.

119. The allegations in the first, second, third, and fourth sentences of Paragraph 119 purport to characterize EAs prepared for leasing decisions challenged in this litigation, unidentified RMPs and lease sale documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. The allegations in the fifth and sixth sentences constitute legal conclusions to which no response is required and purport to characterize NEPA and one of its implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

120. The allegations in Paragraph 120 constitute legal conclusions to which no response is required and purport to characterize one of NEPA's implementing regulations which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

121. Federal Defendants admit the allegations in the first sentence of Paragraph 121, but aver that the March 2019 Colorado lease sale was conducted on March 28, 2019. Federal Defendants deny the allegations in the second sentence.

122. The allegations in Paragraph 122 are vague and are therefore denied.

123. Federal Defendants admit the allegations in Paragraph 123, but aver that the dates of WildEarth Guardians' protests to the December 2016 and December 2018 lease sales were November 14, 2016, and November 5, 2018, respectively; the date of the December 2018 lease sale Determination of NEPA Adequacy for the White River, Kremmling, and Little Snake field office parcels was December 10, 2018; the date of the March 2019 lease sale was March 28, 2019; and the date of the March 2019 lease sale protest decision was March 26, 2019.

124. Federal Defendants admit the allegations in Paragraph 124 but aver that the March 2019 Montana lease sale was conducted March 25-27, 2019.

125. The allegations in Paragraph 125 are vague and are therefore denied.

126. Federal Defendants admit the allegations in Paragraph 126, but aver that the March 2019 Montana lease sale, was conducted March 25-27, 2019.

127. Federal Defendants admit the allegations in the first sentence of Paragraph 127. Federal Defendants deny the allegations in the second sentence.

128. The allegations in Paragraph 128 are vague and are therefore denied.

129. Federal Defendants admit the allegations in Paragraph 129.

130. Federal Defendants admit the allegations in Paragraph 130.

131. Federal Defendants admit the allegations in Paragraph 131.

132. Federal Defendants admit the allegations in Paragraph 132.

133. Federal Defendants admit the allegations in the first sentence of Paragraph 133 but aver that the February 2019 Wyoming lease sale, occurred February 25-March 1, 2019. Federal Defendants deny the allegations in the second sentence.

134. The allegations in Paragraph 134 are vague and are therefore denied.

135. Federal Defendants admit the allegations in Paragraph 135, but aver that WildEarth Guardians' protest to the June 20-21, 2018 Wyoming lease sale was received by BLM on May 15, 2018, and the February 2019 Wyoming lease sale occurred February 25-March 1, 2019.

136. Federal Defendants incorporate by reference Paragraphs 1-135.

137. The allegations in Paragraph 137 constitute legal conclusions to which no response is required and purport to characterize NEPA and its implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

138. The allegations in Paragraph 138 constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

139. The allegations in Paragraph 139 constitute legal conclusions to which no response is required and purport to characterize one of NEPA's implementing regulations which speaks for itself and provide the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

140. The allegations in Paragraph 140 constitute legal conclusions to which no response is required and purport to characterize NEPA and one of its implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

141. The allegations in Paragraph 141 constitute legal conclusions to which no response is required and purport to characterize a judicial decision which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

142. The allegations in the first sentence of Paragraph 142 constitute legal conclusions to which no response is required and purport to characterize one of NEPA's implementing regulations which speaks for itself and provide the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied. The allegations in the second sentence purport to characterize Plaintiffs' case to which no response is required and are vague and are therefore denied.

143. The allegations in Paragraph 143 constitute legal conclusions to which no response is required and purport to characterize NEPA, its implementing regulations, and the APA which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

144. Federal Defendants incorporate by reference Paragraphs 137-143.

145. The allegations in Paragraph 145 constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

146. The allegations in Paragraph 146 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

147. The allegations in Paragraph 147 constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

148. The allegations in the first sentence of Paragraph 148 are vague and are therefore denied. The allegations in the second sentence constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

149. The allegations in Paragraph 149 purport to characterize a judicial decision which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

150. The allegations in Paragraph 150 are legal conclusions to which no response is required and purport to characterize the APA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes Plaintiffs' request for relief and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## DEFENSES

Federal Defendants raise the following defenses:

1. The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

2. Insofar as Plaintiffs purport, in their Complaint, to challenge elements of BLM's oil and gas leasing program other than the discrete leasing decisions at issue in this case, the Complaint fails to state a claim for which relief can be granted.

3. This Court may lack subject matter jurisdiction to review some or all of Plaintiffs' claims.

4. Some Plaintiffs may lack standing.

5. Plaintiffs' claims may be barred under the doctrines of res judicata and collateral estoppel.

6. Plaintiff Physicians for Social Responsibility may have waived its right to bring suit.

WHEREFORE, Federal Defendants respectfully pray that this Court deny in all respects Plaintiffs' Prayer for Relief, dismiss Plaintiffs' Complaint, enter judgment for Federal Defendants, and grant to Federal Defendants such other relief as may be appropriate.

Respectfully submitted this 15th day of May, 2020.

PRERAK SHAH
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Div.

/s/ Michelle-Ann C. Williams
MICHELLE-ANN C. WILLIAMS
Natural Resources Section
P.O. Box 7611, Washington, D.C. 20044
202-305-0420 || 202-305-0506 (fax)
michelle-ann.williams@usdoj.gov

Counsel for Federal Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2020, a copy of the foregoing notice was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/Michelle-Ann C. Williams*
MICHELLE-ANN C. WILLIAMS