**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*, | |
| Plaintiffs, | |
| v. | |
| DAVID BERNHARDT, Secretary, U.S. Department of the Interior, *et al.*, | No. 1:20-cv-00056-RC |
| Defendants. | |
| and | |
| WESTERN ENERGY ALLIANCE, *et al.*, | |
| Defendant-Intervenor | |

**WESTERN ENERGY ALLIANCE'S REPLY IN SUPPORT OF THE FEDERAL
DEFENDANTS' MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR**

Western Energy Alliance respectfully submits this reply in support of the Federal Defendants' motion for voluntary remand without vacatur. In their "Response" to the Federal Defendants' motion for voluntary remand, the plaintiffs request that the Court grant them *preliminary injunctive relief*—enjoining all "lease development." The Court should deny their "request" because they did not attempt to demonstrate that the Court should grant them the extraordinary remedy of a preliminary injunction as Federal Rules of Civil Procedure 7 and 65 require. This failure is a sufficient reason, standing alone, to deny the plaintiffs' "request."

There are other reasons to deny it. First, no one has determined that the decisions and documents under review are deficient. Second, the plaintiffs have not alleged or established that they are entitled to preliminary injunctive relief. They would have to show one of those things to obtain the relief that they "request" in Argument § III of their "Response" at pages 9–10. But they do not show either. Their failure to do so is another reason to deny the relief they "request."

1

A.  **The Plaintiffs' "Request" For Injunctive Relief Is Improper Under Federal Rules of Civil Procedure 7 and 65.**

When a party requests a court order, it must do so by motion.  Fed. R. Civ. P. 7(b)(1).
When the party goes further and requests a preliminary injunction, then it must, among other things, "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined[.]"  Fed. R. Civ. P. 65(c).

Here, the plaintiffs have not followed either of those procedural requirements.  They do not come out and say so directly, but they are asking the Court for a preliminary injunction.  *See* Plfs.' Resp. to Fed. Defs.' Mot. for Voluntary Remand 9–10, ECF No. 42.  They did not "request . . . a court order . . . by motion."  *See* Fed. R. Civ. P. 7(b)(1).  Instead, they tried to pass their "request" through by way of their "Response" to the Federal Defendants' motion.  *See* Plfs.' Resp. to Fed. Defs.' Mot. for Voluntary Remand 9–10, ECF No. 42.  And they have not offered up any security.  *See* Fed. R. Civ. P. 65(c).  For these procedural deficiencies alone, the Court should deny the plaintiffs the preliminary injunctive relief that they improperly seek.

B.  **The Court Has Not Found—and the Federal Defendants Have Not Conceded—That the Decisions and Documents That the Federal Defendants Propose For Voluntary Remand Are Deficient In Any Way.**

As the Court explained in its Memorandum Opinion denying these plaintiffs' prior demands for injunctive relief in the related case among these parties, "this Court cannot properly enjoin leasing activity . . . without a briefing on the merits of BLM's environmental analysis[.]"  *WildEarth Guardians v. Bernhardt*, No. CV 16-1724 (RC), 2019 WL 3253685, at *1 (D.D.C. July 19, 2019).

Here, the plaintiffs demand a preliminary injunction in their "Response."  *See* Plfs.' Resp. to Fed. Defs.' Mot. for Voluntary Remand 9–10, ECF No. 42.  But "it is not yet clear" that there

are any shortcomings in the decisions and supporting documents that the Federal Defendants are asking to review.  *See WildEarth Guardians*, 2019 WL 3253685, at \*2.

 The Alliance does not think there are any shortcomings.  Regardless, there are two points that require denying the plaintiffs' "request" for *any* injunctive relief.

 First, the Court has not ruled on the merits of these leasing decisions and supporting documents at all.  *See. id.*  In the related case, the Court explained, "Furthermore, as Defendants note, it is not yet clear whether the Colorado and Utah administrative records contain the same shortcomings that the Court found with respect to the Wyoming decisions *because this Court has not yet ruled on the merits of the Colorado and Utah claims*."  *Id.* \*1 (emphasis added).  In that situation, the Court "[could not] properly enjoin leasing activity on the Colorado and Utah leases without a briefing on the merits[.]"  *Id.* at \*1.

 Second, the Federal Defendants are seeking relief because they want to compare this Court's prior reasoning in the related case to several of the decisions and supporting documents at issue in this case—not because they have found any actual deficiencies in those documents. *See* Fed. Defs.' Mot. for Voluntary Remand without Vacatur and Mem. in Support 7, ECF No. 41.  Contrary to the plaintiffs' "request," the Court "cannot properly enjoin leasing activity" because the parties have not briefed this case on the merits, much less acknowledged or received a ruling on the merits from the Court finding any flaws in BLM's environmental analyses.  *See WildEarth Guardians*, 2019 WL 3253685, at \*1.

### C. The Plaintiffs Have Neither Alleged Nor Established That They Are Entitled To Preliminary Injunctive Relief.

 "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The plaintiffs have not alleged—much less established—that they meet any of these requirements. *See* Plfs.' Resp. to Fed. Defs.' Mot. for Voluntary Remand 9–10, ECF No. 42. In particular, the plaintiffs have not alleged that the Federal Defendants' motion will make it "likely" that they will "suffer irreparable harm in the absence of preliminary relief[.]" *See Winter*, 555 U.S. at 20; *See WildEarth Guardians*, 2019 WL 3253685, at *3. The plaintiffs have not provided the Court any basis to grant any preliminary injunctive relief in this case.

In their "Response," the plaintiffs have improperly requested that the Court award preliminary injunctive relief—enjoining all "lease development." But the plaintiffs have not followed the procedures required to obtain that relief, achieved a result on the merits, or otherwise met the requirements precedent to an award of preliminary injunctive relief. Accordingly, the Alliance respectfully requests that the Court grant the Federal Defendants' motion without granting the plaintiffs any of the relief that they have requested.

Respectfully submitted, September 21, 2020.

/s/ Alec W. Farr
Alec W. Farr (D.C. Bar # 440046)
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, NW
Suite 700
Washington, D.C. 20004
Phone:  202-508-6053
Email:  awfarr@bclplaw.com

Ivan L. London (*Admitted Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
Phone: 303-861-7000
Email: ivan.london@bclplaw.com


*Counsel for Intervenor-Defendant*
*Western Energy Alliance*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 21, 2020, a true and correct copy of the foregoing **Western Energy Alliance's Reply in Support of the Federal Defendants' Motion for Voluntary Remand without Vacatur** was filed and served electronically via the CM/ECF E-filing system on all counsel of record.

*/s/ Alec W. Farr*
Alec W. Farr